IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD KAPELA DAVIS, MICHAEL HUGHES, DAMIEN KAAHU, ROBERT A. HOLBRON, JAMES KANE, III, ELLINGTON KEAWE, KALAI POAHA, TYRONE KAWAELANILUA`OLE NA`OKI GALDONES,<br><br>            Plaintiffs,<br><br>     vs.<br><br>NEIL ABERCROMBIE, in his official capacity as the Governor of the State of Hawaii; TED SAKAI, in his official capacity as the Director of the Hawaii Department of Public Safety; CORRECTIONS CORPORATIONS OF AMERICA,<br><br>            Defendants.<br>_____ | CIVIL NO. 11-00144 LEK-BMK |

**ORDER DENYING PLAINTIFF RICHARD DAVIS'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Before the Court is Plaintiff Richard Kapela Davis's ("Davis") Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss For Failure to Exhaust, Entered April 11, 2013, filed April 25, 2013 ("Motion"). [Dkt. no. 293.] Defendants Neil Abercrombie, in his official capacity as the Governor of the State of Hawai`i, Ted Sakai, in his official capacity as Director of the Hawai`i Department of Public Safety, and Corrections Corporation of

America (collectively, "Defendants") filed a memorandum in opposition to the Motion on May 13, 2013.  [Dkt. no. 299.]  Davis filed a reply on May 30, 2013.  [Dkt. no. 308.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Davis's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background in this case is set forth in this Court's April 11, 2013 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss for Failure to Exhaust ("4/11/13 Order").  Davis v. Abercrombie, Civ. No. 11-00144 LEK-BMK, 2013 WL 1568425 (D. Hawai`i Apr. 11, 2013).

Davis seeks reconsideration of the 4/11/13 Order insofar as the Court granted Defendants' Motion to Dismiss for Failure to Exhaust as to Davis's claim regarding his right to meet regularly with a spiritual advisor.  In the 4/11/13 Order, the Court found that Davis failed to exhaust his spiritual advisor claim because he did not refile his August 2010 Informal Resolution regarding that claim after he was informed on August 27, 2010 that the original Informal Resolution had been lost and that he should re-file the document.  The Court further found

that he also failed to file a Formal Grievance or subsequent Warden appeal as to the spiritual advisor claim.  In light of the fact that Davis successfully exhausted other claims, the Court was unpersuaded by Davis's claim that he did not believe he was required or permitted to exhaust his administrative remedies as to the spiritual advisor claim, notwithstanding the fact that the original Informal Resolution was lost.  As such, the Court granted the Motion to Dismiss for Failure to Exhaust as to Davis's spiritual advisor claim.  2013 WL 1568425, at *9.

In the instant Motion, Davis seeks reconsideration of the 4/11/13 Order on the grounds that "the Court failed to consider newly discovered evidence that the Defendants submitted following the Court's hearing on the [Motion to Dismiss for Failure to Exhaust] but prior to the Court's written order." [Mem. in Supp. of Motion at 1 (emphasis omitted).]  Specifically, Davis states that the lost (and recently located) Informal Resolution submitted to the Court by Defendants on April 2, 2013 constitutes newly discovered evidence that discredits Defendants' legal theory for dismissal and necessitates a reconsideration of the Court's conclusion that Davis failed to exhaust his spiritual advisor claim.  [Id. at 6-8.]

## **DISCUSSION**

In order to obtain reconsideration of the 4/11/13 Order, Davis's Motion "must accomplish two goals.  First, a

motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  The District of Hawai`i has implemented these standards in Local Rule 60.1.[1]  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

---

[1] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

Davis's Motion seeks reconsideration on the ground that the August 2011 Informal Resolution, which Defendants recently found and subsequently disclosed to the Court on April 2, 2013, [dkt. no. 276,] constituted newly discovered evidence, or, in the alternative, in light of the Defendants' subsequent submission of the lost Informal Resolution, the Court committed a manifest error of law and fact when it relied upon the testimony and evidence submitted by Defendants' witness Juan Valenzuela. [Mem. in Supp. of Motion at 10.]

As an initial matter, the Court notes that, notwithstanding the fact that the actual Informal Resolution had not yet been located at the time, Davis made similar arguments as to exhaustion of his spiritual advisor claims in his opposition to Defendants' Motion to Dismiss for Failure to Exhaust. Specifically, Davis argued that prison officials had "improperly screened" his grievances, rendering his administrative remedies "effectively unavailable such that no further exhaustion is required." [Mem. in Opp. to Motion to Dismiss for Failure to Exhaust at 21.] Davis makes essentially the same argument in the instant Motion: that Defendants' failure to process Davis's Informal Grievance after they believed it to be lost constituted "improper screening" and rendered Davis's administrative remedies "effectively unavailable" such that Davis was not required to exhaust. [Mem. in Supp. of Motion at 8-9.] The Court rejected

this argument in the 4/11/13 Order. Mere disagreement with the Court's analysis in the 4/11/13 Order is not a sufficient basis for reconsideration. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Hawai`i 1988)); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005).

Further, Defendants' recent discovery of the previously lost Informal Resolution cannot be said to be new, material evidence, as it does not change the fact that Davis failed to exhaust his spiritual advisor claim. Shortly after Davis submitted his Informal Resolution regarding his spiritual advisor claim, he was notified by Grievance Coordinator Valenzuela that the Informal Resolution had been lost, and that he would be granted an extension of time during which he was urged to refile his grievance so that it could be processed by Defendants. Davis failed to so refile. 2013 WL 1568425, at *9. Davis does not allege that Defendants actually knew where the Informal Resolution was at any time before they submitted it to this Court on April 2, 2013,[2] nor has he alleged that he otherwise attempted to exhaust his spiritual advisor claim. It is therefore

---

[2] In the instant Motion, Davis attempts to make much of the distinction between the terms "lost" and "misplaced," and argues that Valenzuela's testimony is unreliable and should not be credited. He nevertheless does not assert that Defendants knew where the Informal Resolution was at the time Valenzuela urged Davis to refile.

irrelevant, for purposes of assessing Davis's exhaustion of administrative remedies at the time, that the Informal Resolution was later discovered as having been misfiled.  The discovery of the Informal Resolution simply cannot be said to constitute new material evidence, nor does it demonstrate that the Court's 4/11/13 Order contained a manifest error of law or fact.

The Court therefore FINDS that Davis has not presented any ground warranting reconsideration of the 4/11/13 Order.

## CONCLUSION

On the basis of the foregoing, Davis's Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss For Failure to Exhaust, Entered April 11, 2013, filed April 25, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 6, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD KAPELA DAVIS, ET AL. V. NEIL ABERCROMBIE, ETC., ET AL.; CIVIL NO. 11-00144 LEK-BMK; ORDER DENYING PLAINTIFF RICHARD DAVIS'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST**