IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD KAPELA DAVIS, MICHAEL HUGHES, DAMIEN KAAHU, ROBERT A. HOLBRON, JAMES KANE, III, ELLINGTON KEAWE, KALAI POAHA, TYRONE KAWAELANILUA`OLE NA`OKI GALDONES,<br><br>  Plaintiffs,<br><br>  vs.<br><br>NEIL ABERCROMBIE, in his official capacity as the Governor of the State of Hawaii; TED SAKAI, in his official capacity as the Director of the Hawaii Department of Public Safety; CORRECTIONS CORPORATIONS OF AMERICA,<br><br>  Defendants. | CIVIL NO. 11-00144 LEK-BMK |

**ORDER DENYING PLAINTIFF TYRONE GALDONES'S MOTION FOR <u>CERTIFICATION OF FINALITY</u>**

Before the Court is Plaintiff Tyrone Galdones's ("Galdones") Motion for Certification of Finality, filed on May 15, 2013 ("Motion"). [Dkt. no. 301.] Defendants Neil Abercrombie, in his official capacity as the Governor of the State of Hawai`i, Ted Sakai, in his official capacity as Director of the Hawai`i Department of Public Safety, and Corrections Corporation of America (collectively, "Defendants") filed a memorandum in opposition to the Motion on June 3, 2013. [Dkt. no. 309.] Galdones filed a reply on June 20, 2013. [Dkt. no.

336.] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Court HEREBY DENIES the Motion for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's April 11, 2013 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss for Failure to Exhaust ("4/11/13 Order"). Davis v. Abercrombie, Civ. No. 11-00144 LEK-BMK, 2013 WL 1568425 (D. Hawai`i Apr. 11, 2013). In the 4/11/13 Order, the Court, inter alia, dismissed Galdones's claim for retaliation against the Defendants, finding that Galdones failed to exhaust his administrative remedies as to that claim. Id. at *11.

In the instant Motion, Galdones asks the Court to certify its 4/11/13 Order as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

## DISCUSSION

Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry

> of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one claim in a multi-claim suit:

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright [Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)], (quoting [Sears, Roebuck & Co. v. ]Mackey, 351 U.S. [427, 436 (1956)]).  Then it must determine whether there is any just reason for delay.  "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.  This discretion is to be exercised 'in the interest of sound judicial administration.'" Id. at 8, 100 S.Ct. 1460 (quoting Mackey, 351 U.S. at 437, 76 S. Ct. 895).  Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438, 76 S. Ct. 895).

Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

The Court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8.  In determining whether

to grant certification, courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved.  Id.; see also 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").

Applying these factors here, the Court concludes that entering a separate judgment under Rule 54(b) in favor of Defendants as to Galdones's retaliation claim is not "in the interest of sound judicial administration," and may result in unnecessary piecemeal appeals.

While there has been a final decision as to Galdones's retaliation claim against Defendants, his claims against them for congregation with other practitioners on a daily basis, participation in certain Makahiki rituals and ceremonies, access to sacred items, and establishment of an outdoor altar remain before this Court.  See Davis, 2013 WL 1568425, at *10.  The Court notes that all of the counts in the Supplemental Complaint for Damages and For Classwide Declaratory and Injunctive Relief arise from the same core of factual allegations: that Defendants

allegedly violated the constitutional rights of Galdones and the other plaintiffs by prohibiting them from fully exercising their Native Hawaiian religion.

Further, in the 4/11/13 Order, the Court applied the same reasoning and legal principles to dismiss Galdones's retaliation claim for failure to exhaust as it did in dismissing the spiritual advisor claims of plaintiffs Richard Davis, Michael Hughes, Damien Kaahu, and Kalai Poaha, as well as Galdones's spiritual advisor claim, and plaintiff Ellington Keawe's claims for an outdoor altar and daily religious congregation. 2013 WL 1568425 at *9-13. The Court is concerned, therefore, that to enter judgment against Galdones alone, on only his retaliation claim, would result in piecemeal appeals requiring more than one adjudication by the court of appeals. Galdones has not demonstrated anything extraordinary about this case to nevertheless warrant certification. See Morrison-Knudsen Co., Inc. v. J.D. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (stating that 54(b) judgments should be limited to the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of litigants for an early and separate judgment as to some of the claims of the parties").

The Court therefore concludes that, because of the substantial factual overlap between Galdones's retaliation claim

and the remaining claims in the Supplemental Complaint for Damages and For Classwide Declaratory and Injunctive Relief, entering a separate judgment as to Galdones's retaliation claim at this time would likely result in multiple appeals involving the same issues.  Where there are "different theories of adverse treatment arising out of the same factual relationship, . . . the issues and claims at stake are not truly separable, and should not be separated artificially, for purposes of Rule 54(b)." Wood, 422 F.3d at 881.  In such circumstances, "[a] similarity of legal or factual issues . . . weigh heavily against entry of judgment under [Rule 54(b)]."  Id. at 882 (alterations in original) (quoting Morrison-Knudson Co., 655 F.2d at 965).  As such, the Court DENIES the Motion.

### CONCLUSION

On the basis of the foregoing, Galdones's Motion for Certification of Finality, filed on May 15, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 24, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD KAPELA DAVIS, ET AL. V. NEIL ABERCROMBIE, ET AL; CIVIL NO. 11-00144 LEK-BMK; ORDER DENYING PLAINTIFF TYRONE GALDONES'S MOTION FOR CERTIFICATION OF FINALITY**