IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD KAPELA DAVIS, MICHAEL ) CIVIL NO. 11-00144 LEK-BMK
HUGHES, DAMIEN KAAHU, ROBERT )
A. HOLBRON, JAMES KANE, III, )
ELLINGTON KEAWE, KALAI POAHA, )
TYRONE KAWAELANILUA`OLE )
NA`OKI GALDONES, )
)
            Plaintiffs, )
)
      vs. )
)
NEIL ABERCROMBIE, in his )
official capacity as the )
Governor of the State of )
Hawaii; TED SAKAI, in his )
official capacity as the )
Director of the Hawaii )
Department of Public Safety; )
CORRECTIONS CORPORATIONS OF )
AMERICA, )
)
            Defendants. )
_____ )


**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF
ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DOC. 497)**

        On March 31, 2014, this Court filed its Order Granting

in Part and Denying in Part Defendants' Motion for Summary

Judgment; Granting in Part and Denying in Part Plaintiff Robert

Holbron's Counter-Motion for Summary Judgment on His Claims; and

Granting in Part and Denying in Part Plaintiffs' Motion for

Partial Summary Judgment Against Defendants as to Their Claims

under the Religious Land Use and Institutionalized Persons Act

("3/31/14 Order").[1]  [Dkt. no. 497.[2]]  On April 14, 2014, Defendants Ted Sakai, in his official capacity as the Interim Director of the Department of Public Safety ("Defendant Sakai" and "DPS"), and Corrections Corporation of America ("CCA," collectively "Defendants") filed their Motion for Partial Reconsideration of Order on Defendants' Motions for Summary Judgment (Doc. 497) ("Motion for Reconsideration").[3]  [Dkt. no. 500.]  Plaintiffs Richard Kapela Davis, Tyrone Galdones, Michael Hughes, Damien Kaahu, Robert A. Holbron, James Kane, III, Ellington Keawe, Kalai Poaha, and Tyrone Kawaelanilua`ole Na`oki Galdones (collectively "Plaintiffs") filed their memorandum in opposition on April 28, 2014, and Defendants filed their reply on May 12, 2014.  [Dkt. nos. 511, 518.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

_____

[1] Defendants filed their Motion for Summary Judgment on July 31, 2013, [dkt. no. 361]; Plaintiff Robert Holbron filed his Counter-Motion for Summary Judgment on His Claims on December 23, 2013, [dkt. no. 452]; and Plaintiffs filed their Motion for Partial Summary Judgment Against Defendants as to Their Claims under the Religious Land Use and Institutionalized Persons Act ("Plaintiffs' Motion for Summary Judgment") on October 31, 2013 [dkt. no. 417].

[2] The 3/31/14 Order is also available at 2014 WL 1321006.

[3] The instant Motion for Reconsideration only addresses the 3/31/14 Order's rulings as to Defendants' Motion for Summary Judgment.

After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. The Motion is GRANTED insofar as this Court will amend the 3/31/14 Order to grant summary judgment in favor of Defendants on the claims as to which this Court granted reconsideration in the instant order. In addition, this Court DENIES Defendants' alternative request that this Court grant them leave to take an interlocutory appeal from the 3/31/14 Order.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background in this case, and this Court will only discuss the background that is relevant to the instant Motion for Reconsideration.

In the 3/31/14 Order, this Court, *inter alia*:

- denied summary judgment to Defendants as to Plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"), regarding daily, outdoor, group worship ("Count XXII"); [3/31/14 Order, 2014 WL 1321006, at *24;]

- denied summary judgment to Defendants as to Plaintiffs' federal free exercise claim, federal equal protection claim, state free exercise claim, and state equal protection claim regarding daily, outdoor, group worship ("Count I," "Count VI," "Count XI," and "Count XVI," respectively); [id. at *24-26;]

- denied summary judgment to Defendants as to the portions of Plaintiffs' RLUIPA claim ("Count XXIV") based on: lack of daily access to personal amulets and *kala* (seaweed); and lack of communal access to *ti* shoots, *pahu* (tree stump drum), *ipu* (gourd drum), *ipu heke* (double gourd drum), `*ohe*

3

*kā`eke`eke* (percussion instrument), *pūniu* (small knee drum), and *`ohe hano ihu* (bamboo nose flute); and granted summary judgment to Defendants as to all other items at issue in Count XXIV; [id. at *33;]

• denied summary judgment to Defendants as to the portions of Plaintiffs' federal free exercise claim ("Count III") and Plaintiffs' state free exercise claim ("Court XIII") based on: daily access to a personal amulet and to *kala*; and communal access to *ti* shoots, *pahu*, *ipu*, *ipu heke*, *`ohe kā`eke`eke*, *pūniu*, and *`ohe hano ihu*; and granted summary judgment to Defendants as to all other items at issue in Count III; [id. at *33-34;]

• granted summary judgment to Defendants as to the portions of Plaintiffs' federal equal protection claim ("Count VIII") and Plaintiffs' state equal protection claim ("Count XVIII") based on: *ti* leaf, *lei*, block of *lama* wood, *pa`akai* (sea salt), *kapa* (cloth), *`apu* (coconut shell bowl), and *moena* (woven floor mats made from *lauhala*, grass, or other natural fibers); and denied summary judgment to Defendants as to all other items at issue in Count VIII; [id. at *34;] and

• denied the motions for summary judgment without prejudice to the extent that they sought summary judgment as to: Plaintiffs' claims seeking prospective declaratory and injunctive relief regarding Red Rock Correctional Center ("Red Rock"); Plaintiff Poaha's claims seeking prospective declaratory and injunctive relief regarding Saguaro; Plaintiff Holbron's claims seeking prospective declaratory and injunctive relief regarding restricted custody at Saguaro; and Plaintiff Galdones's request for prospective declaratory and injunctive relief as to his state law retaliation claim [id. at *3-5].

In the instant Motion for Reconsideration, Defendants argue that each of the adverse rulings listed above was the result of either an error or law or an erroneous application of the law to the undisputed facts of this case. In addition, Defendants argue that this Court failed to rule on the following issues that Defendants raised in their Motion for Summary Judgment: Defendant Sakai is entitled to summary judgment because he did not

participate in the decision-making regarding the religious programming at issue in this case; Plaintiff Galdones's state law retaliation claim fails as a matter of law and, even if he has a viable claim, his request for punitive damages is meritless; Plaintiffs' state constitutional claims fail because Hawai`i law does not recognize a private right of action for violations of the Hawai`i State constitution; and Defendants are entitled to summary judgment as to Count XXI, Plaintiffs' claim based on Article XII, § 7 of the Hawai`i State Constitution and Haw. Rev. Stat. § 1-1.

## STANDARD

In order to obtain reconsideration of the 3/31/14 Order, Defendants' Motion for Reconsideration "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark

<u>County Sch. Dist.</u>, 157 F.3d 1169, 1178–79 (9th Cir. 1998)).

<b><u>DISCUSSION</u></b>

**I.   <u>Claims Regarding Daily, Outdoor, Group Worship</u>**

Defendants argue that this Court should have granted summary judgment in their favor as to all of Plaintiffs' claims regarding daily, outdoor, group worship at sunrise.  Beginning with Count XXII (Plaintiffs' RLUIPA claim), the crux of Defendants' Motion for Reconsideration is that the undisputed evidence in this case establishes that Defendants' policy/custom of prohibiting daily, outdoor, group worship at sunrise is the least restrictive means of furthering a compelling governmental interest.  Defendants argue that the evidence is undisputed that Saguaro Correctional Center ("Saguaro") "cannot accommodate daily group worship of 179 inmates outdoors at sunrise" without jeopardizing the safety and security of inmates and staff.  [Mem. in Supp. of Motion for Reconsideration at 8.]  Defendants contend that they were not obligated to consider other forms of worship, *i.e.* less frequent worship gatherings, gatherings of smaller groups of practitioners of the Native Hawaiian religion, or gatherings at different times of the day or at different locations, because "Plaintiffs' grievances and their Motion for Partial Summary Judgment cast this claim in absolute, 'all-or-nothing' terms."  [<u>Id.</u> at 4 (citations omitted).]  The only legal authority Defendants cite in support of their narrow

interpretation of Plaintiffs' claim is a case from the Eighth

Circuit, which is not binding on this Court. [Id. at 5 (citing

Hamilton v. Schriro, 74 F.3d 1545, 1556 (8th Cir. 1996) (inmate's

"own all-or-nothing position supports the prison officials'

contention that an out-right prohibition . . . is the least

restrictive means of achieving the compelling interests of prison

safety and security."))].

     This Court therefore concludes that Defendants have not

identified any intervening change in the law or any error in this

Court's legal analysis of Count XXII. This Court reaffirms its

ruling that the evidence regarding Saguaro's "faith-based pod,"

Saguaro's schedule of religious services, and Red Rock's

accommodation of a Buddhist inmate's morning meditation raise

genuine issues of fact as to the least restrictive means

analysis.[4] Even if this Court found that Defendants presented

---

[4] Defendants argue that either Plaintiffs misled this Court
regarding this evidence or this Court misinterpreted the
evidence. [Mem. in Supp. of Motion for Reconsideration at 5-10.]
Defendants, however, merely reiterate arguments that they raised
in connection with their Motion for Summary Judgment, and they
disagree with this Court's ruling on those arguments. This is
not sufficient grounds for reconsideration of the 3/31/14 Order.
See White, 424 F. Supp. 2d at 1274 ("Mere disagreement with a
previous order is an insufficient basis for reconsideration."
(citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw.
1988))).

     For example, Defendants argue, "[w]hile Plaintiffs reference
a 'faith-pod' to argue that a Christian pod exists, there is no
support for this in the record." [Mem. in Supp. of Motion for
Reconsideration at 7.] This Court, however, acknowledged
(continued...)

7

uncontroverted evidence that it is not possible to allow all of the Saguaro inmates who practice the Native Hawaiian religion to worship together outside, at sunrise, on a daily basis, there is a triable issue of fact regarding whether there are other means to accommodate, at least in part, Plaintiffs' religious exercise regarding group worship. This Court therefore DENIES Defendants' Motion for Reconsideration as to Count XXII.

In the 3/31/14 Order, this Court concluded that there were triable issues of fact as to Count I and Count VI based, in part, upon the factual issues that this Court identified as to Count XXII. 2014 WL 1321006, at *24-25. This Court therefore also concludes that Defendants have failed to establish that they are entitled to reconsideration of this Court's rulings regarding Counts I and Count VI. Defendants' Motion for Reconsideration is DENIED as to Count I and Count VI.

---

[4](...continued)
Defendants' evidence that the pod was non-denominational and open to inmates of any faith, but this Court found that other evidence about the predominately Christian influences in the pod raised questions of fact. 3/31/14 Order, 2014 WL 1321006, at *23.

This Court also notes that Defendants' representation that "[t]he record shows that Warden [Todd] Thomas had considered and rejected" a pod for Saguaro inmates who practice the Native Hawaiian religion misstates the evidence. [Mem. in Supp. of Motion for Reconsideration at 7.] Defendants merely point to general statements that Warden Thomas made; none of the portions of his declarations that Defendants cite actually discusses whether he considered a pod for the inmate practitioners of the Native Hawaiian religion.

In the 3/31/14 Order, this Court also concluded that
there were triable issues of fact as to Plaintiffs' claims
alleging violations of the Hawai`i State Constitution (Count XI
and Count XVI) based upon the factual issues that this Court
identified as to Plaintiffs' RLUIPA claim and federal
constitutional claims.  2014 WL 1321006, at *24-25.  In addition
to Defendants' substantive arguments for reconsideration as to
Counts XI and XVI, which are the same as the arguments they raise
regarding the RLUIPA claim and the federal constitutional claims,
Defendants argue that this Court failed to rule on their argument
that there is no private cause of action for violations of the
Hawai`i State Constitution.  [Mem. in Supp. of Motion for
Reconsideration at 29.]  In their Motion for Summary Judgment,
Defendants argued that "such legal claims are not cognizable by
private parties directly under the state constitution."  [Mem. in
Supp. of Defs.' Motion for Summary Judgment at 44-45 (some
citations omitted) (citing Gonzalez v. Okagawa, 2013 WL 2423219,
at *10 (D. Haw. June 4, 2013) ("to the extent Plaintiff is
bringing this claim directly under the Hawaii Constitution,
Hawaii courts have declined to recognize a direct private cause
of action for violation of rights guaranteed under the provisions
of the Hawaii Constitution listed by Plaintiffs") (citing Makanui
v. Dep't of Educ., 6 Haw. App. 397, 721 P.2d 165, 170 n.2 (Haw.
App. 1986) ("We do not decide whether Hawaii recognizes a cause

of action for damages for deprivation of rights under the state's constitution or laws.")))."]

This portion of Defendants' Motion for Summary Judgment focused on Plaintiffs' claims for damages for violations of the state constitution, and this Court expressly limited the scope of the 3/31/14 Order to Plaintiffs' claims for prospective declaratory and injunctive relief. 2014 WL 1321006, at *3. Defendants' have failed to show that it was an error of law for this Court to conclude that Plaintiffs could pursue their claims for prospective declaratory and injunctive relief for alleged violations of the Hawai`i State Constitution.

This Court therefore concludes that Defendants have failed to establish that they are entitled to reconsideration of the rulings in the 3/31/14 Order regarding Count XI and Count XVI. Defendants' Motion for Reconsideration is DENIED as to Count XI and Count XVI.

## II. <u>Claims Regarding Access to Sacred Items</u>

Defendants also argue that this Court should have granted summary judgment in their favor as to all of Plaintiffs' claims regarding access to sacred items.

### A. <u>RLUIPA</u>

Beginning with Count XXIV (Plaintiffs' RLUIPA claim regarding access to sacred items), Defendants argue that this Court should have found that Plaintiffs failed to establish their

prima facie case and this Court did not need to reach either the compelling interest analysis or the least restrictive means analysis. [Mem. in Supp. of Motion for Reconsideration at 12-13.] According to Defendants, "Plaintiffs fail[ed] to carry their **initial** burden to prove, from this record, that their religious exercise was substantially burdened by Defendants' conduct or policy." [Id. at 13 (emphasis in original) (citation omitted).]

This Court denied Defendants summary judgment on Count XXIV as to the following items: personal amulets, *kala* (seaweed), *ti* shoots, *pahu* (tree stump drum), *ipu* (gourd drum), *ipu heke* (double gourd drum), *`ohe kā`eke`eke* (percussion instrument), *pūniu* (small knee drum), and *`ohe hano ihu* (bamboo nose flute). This Court assumed, for purposes of Defendants' Motion for Summary Judgment, that Plaintiffs' religious exercise was substantially burdened by their lack of daily access to a personal amulet. 3/31/14 Order, 2014 WL 1321006, at *29. Defendants cite Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005), for the majority of the standards for the substantial burden analysis. [Mem. in Supp. of Motion for Reconsideration at 13.] This Court applied the same standards in reviewing all of Plaintiffs' RLUIPA claims. See, e.g., 3/31/14 Order, 2014 WL 1321006, at *20-21 (quoting Warsoldier, 418 F.3d at 995). Defendants essentially argue that this Court erred in its

application of these standards because the items remaining at issue in Count XXIV are merely "'devotional accessories.'" [Mem. in Supp. of Motion for Reconsideration at 14 (quoting Cutter v. Wilkinson, 544 U.S. 709, 720 n.8 (2005)).] They also argue that the denial of access to these items is not a substantial burden because it "merely offends [Plaintiffs'] 'religious sensibilities or tastes, or fails to satisfy [their] religious desires,' without forcing [Plaintiffs] to violate or abandon beliefs." [Id. at 13-14 (quoting Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1063 (9th Cir. 2008)).]

As to the denial of daily access to personal amulets, Plaintiffs did more than only present testimony that their religious sensibilities or tastes were offended and that Defendants' policies do not satisfy their religious desires. First, it is undisputed that Saguaro theoretically allows an inmate practitioner of the Native Hawaiian religion to have a personal amulet or religious item in his cell, but they currently do not have access to such amulets because Saguaro has experienced difficulties identifying an approved vendor. 3/31/14 Order, 2014 WL 1321006, at *29. Plaintiff Davis, for example, described his sincere beliefs regarding his personal amulet, its symbolism, and how he uses it in his religious activities. [Joint Pltfs.' Amended Separate Concise Statement of Facts in

Opp. to Defs.' Motion for Summary Judgment,[5] filed 1/6/14 (dkt. no. 466) ("Joint Pltfs.' Responsive CSOF"), Decl. of Richard Davis ("Davis Decl.") at ¶¶ 35-39.] He also stated that the confiscation of his personal amulet, and other items, caused him "spiritual injury." [Id. at ¶ 49.] Further, as noted in the 3/31/14 Order, Ka`iana Haili, who serves as a volunteer spiritual advisor to Saguaro's inmate practitioners of the Native Hawaiian religion, testified that a practitioner's personal amulet connects him to his ancestors and his "innate religious, . . . spiritual beliefs." 2014 WL 1321006, at *14 (citation omitted). Plaintiffs also presented expert testimony regarding the religious significance of a practitioner's personal amulet. [Concise Statement of Facts in Supp. of Pltfs.' Motion for Summary Judgment, filed 10/31/13 (dkt. no. 418) ("Pltfs.' CSOF"), Decl. of Ty Preston Kāwika Tengan, Exh. 1 (expert report) at ¶¶ 25-29.] Defendants did not present any evidence to contest Plaintiffs' evidence on the issue of whether the lack of daily access to a personal amulet is a substantial burden to Plaintiffs' religious exercise.

     In reviewing Defendants' Motion for Summary Judgment, this Court was required to view the record in the light most

---

[5] "Joint Plaintiffs" refer to Plaintiffs Davis, Galdones, Hughes, Kaahu, Kane, Keawe, and Poaha because Plaintiff Holbron filed a separate memorandum in opposition and counter-motion to Defendants' Motion for Summary Judgment.

favorable to Plaintiffs.  See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).  Construing the available record as a whole in the light most favorable to Plaintiffs, this Court found, for purposes of Defendants' Motion for Summary Judgment, that the denial of daily access to a personal amulet is a substantial burden to Plaintiffs' religious exercise.  Defendants have not presented any ground that warrants reconsideration of that finding.

As to the remaining items at issue in Count XXIV, this Court did not find that Plaintiffs established a substantial burden on their religious exercise.  This Court, *inter alia*, found that there were genuine issues of fact for trial as to the substantial burden analysis for each of these items.  3/31/14 Order, 2014 WL 1321006, at *31-32.[6]  Defendants merely disagree with that finding, and their disagreement is not a sufficient basis to grant reconsideration.

---

[6] This Court acknowledges that it did not expressly state that it found there were genuine issues of material fact as to the substantial burden analysis for the musical instruments remaining at issue in Count XXIV.  This Court stated, "[e]ven if this Court assumes that Plaintiffs' religious exercise is substantially burdened by their lack of daily access to the musical instruments identified in Count XXIV, Defendants have a compelling interest in maintaining safety and security in the facility."  3/31/14 Order, 2014 WL 1321006, at *32.  This Court clarifies that the statement "if this Court assumes" reflects this Court's finding that there are genuine issues of material fact as to the substantial burden analysis for the musical instruments remaining at issue in Count XXIV.

In addition, Defendants argue that this Court failed to consider evidence that the Native Hawaiian drums and the `ohe hano ihu (bamboo nose flute) are actually available to Plaintiffs in the Saguaro chapel. [Mem. in Supp. of Motion for Reconsideration at 15-16 (citing Pltfs.' CSOF, Decl. of Sharla Manley, Exh. C at 61).] Exhibit C is the Affidavit of Carl Richey in Support of Defendants' Motion to Dismiss ("Richey Affidavit"). Defendants originally filed the Motion to Dismiss on December 31, 2012, [dkt. no. 220,] and the Richey Affidavit is dated December 20, 2012. [Richey Aff. at pg. 10.] At that time, Carl Richey was the Grievance Coordinator and Property Officer at Red Rock. [Id. at ¶ 2.] The page of Exhibit C which Defendants cite in the Motion for Reconsideration is the

### RETENTION LIST FOR NATIVE HAWAIIAN RELIGION

Retention List for Group [Hui]
**Items to be held in storage for
ceremonial purposes only**

[Exh. C at 61-62 ("Red Rock Group Retention List").] It is part of Attachment D to the Richey Affidavit, which is "a true and accurate copy of Formal Grievance #09-132 and Informal Resolution #09-132." [Id. at 8 (Richey Aff. at ¶ 38).] Formal Grievance #09-132 is a grievance that Plaintiff Kane submitted alleging violations of his right to practice his Native Hawaiian religion while he was incarcerated at Red Rock. Assistant Warden Hart responded to the grievance on September 29, 2009. [Id. at 55-

56.]  Informal Resolution #09-132 was submitted by Plaintiff Kane on September 16, 2009 and signed by a Red Rock staff person on September 21, 2009.  [Id. at 57-58.]  Attached to the Informal Resolution are Red Rock Inmate Request Forms by Plaintiff Kane dated July 20, 2009 and the staff responses, some of which are dated August 4, 2009 and some of which are dated August 25, 2009. [Id. at 59-65.]  The Red Rock Group Retention List was part of a response to his Inmate Request.

The Red Rock Group Retention List does state that the native Hawaiian drums, percussion instruments, and nose flute that remain at issue in Count XXIV are held in storage for ceremonial use.  [Id. at 61.]  The list, however, related to Red Rock and was provided to Plaintiff Kane in 2009.  Thus, it does not constitute evidence that the same instruments are currently available at the Saguaro chapel for inmate practitioners of the Native Hawaiian religion.

Warden Thomas identified "sacred items [that] are available for use and stored in the chapel" so that inmate practitioners of the Native Hawaiian religion can use them "[f]or formal communal religious ceremonies conducted at" Saguaro. [Reply in Supp. of Defs.' Motion for Summary Judgment, Decl. of Warden Thomas at ¶ 126.]  Warden Thomas also provided a virtually identical list when Defendants filed their Motion for Summary Judgment.  [Defs.' Motion for Summary Judgment, Concise Statement

of Facts in Supp. ("Defs.' CSOF"), Decl. of Warden Thomas at
¶ 44.]  The items remaining at issue in Count XXIV, however, are
not among the items that he identified, and Warden Thomas did not
state that his lists were not exhaustive.

In the Motion for Reconsideration, Defendants argue
that the evidence proves that Warden Thomas's lists were not
exhaustive.  [Mem. in Supp. of Motion for Reconsideration at 16
(some citations omitted) (citing Defs.' CSOF, Decl. of Jamie D.
Guzman ("Guzman Decl."), Exh. 12; Joint Pltfs.' Responsive CSOF,
Decl. of Sharla Manley ("Manley Responsive Decl."), Exh. 11 at
285-86).[7]]  Defendants state that the Saguaro Correctional Center
Religious Artifacts list represents "the inventory of religious
items available to Native Hawaiian practitioners in the chapel
at" Saguaro ("Saguaro Chapel Artifacts List").  [Guzman Decl. at
¶ 14, Exh. 12.]  Although the specific instruments remaining at
issue in Count XXIV – *pahu* (tree stump drum), *ipu* (gourd drum),
*ipu heke* (double gourd drum), `*ohe kā`eke`eke* (percussion
instrument), *pūniu* (small knee drum), and `*ohe hano ihu* (bamboo
nose flute) – are not on the Saguaro Chapel Artifacts List, there
is a "PUONE/NOSE FLUTE" and a "DRUM."  [Id., Exh. 12 at 2-3

---

[7] This Court notes that Defendants could have pointed out in
their Motion for Summary Judgment and/or their reply in support
of their Motion for Summary Judgment that Warden Thomas's lists
were not exhaustive, and Defendants could have highlighted the
additional exhibits that they wanted this Court to consider in
conjunction with Warden Thomas's declarations.

(emphases in original).]  The Saguaro Chapel Artifacts List also

states: "VEGETATION IS BROUGHT IN AS NEEDED TO THE FACILITY FOR

THE CEREMONIES, THEN TAKEN OUT OF THE FACILITY WHEN CEREMONIES

ARE OVER."  [Id. at 3 (emphasis in original).]  In addition,

Haili testified:

> The drums, the pahu and the single gourd and
> the double gourd drums, we've brought several.
> Several have deteriorated, been broken, or
> destroyed, anonymously, and we've replaced at our
> own personal expense.  The `ohe ka `eke`eke has
> never been in the prison.
>
> The pu niu is not in the prison.
>
> `Ohe hano ihu, the bamboo nose was, have been
> a few, but they have been broken.
>
> There are a couple of floor mats.  They are
> not from Hawaii.
>
> Ipu heke, some of these things that they were
> supposed to have for dancing have never been
> allowed that I know of.
>
> Q.   Okay.  And when you say that they have never
> been allowed, do you mean that someone has,
> [Saguaro] has specifically prohibited that kind of
> item coming into the facility?
>
> A.   Oh, no, nobody's bothered to be able to
> afford and provide, and there isn't enough room in
> the chapel for storage.

[Manley Responsive Decl., Exh. 11 at 285-86.]

Plaintiffs acknowledged that some of the sacred items

which they sought access to are available for communal use in the

Saguaro chapel.  See, e.g., Davis. Decl. at ¶ 33.  Plaintiffs did

not present evidence identifying which of the items are available

and which are not.  Even in their memorandum in opposition to the
Motion for Reconsideration, Plaintiffs do not challenge
Defendants' evidence regarding the availability of items in the
Saguaro chapel.  Plaintiffs instead emphasize that: CCA denied
Plaintiffs' requests for daily access to these items; they can
only access items available in the chapel during the weekly
Hawaiian classes; and Plaintiffs have, at times, been turned away
from those classes.  [Mem. in Opp. to Motion for Reconsideration
at 10-11.]

In light of the evidence in the summary judgment record
that Defendants have now highlighted, this Court finds that
Defendants are entitled to reconsideration of this Court's ruling
as to the portions of Count XXIV based on the lack of access to
*kala* (seaweed), *ti* shoots, *pahu* (tree stump drum), *ipu* (gourd
drum), *ipu heke* (double gourd drum), *`ohe kā`eke`eke* (percussion
instrument), *pūniu* (small knee drum), and *`ohe hano ihu* (bamboo
nose flute).  Insofar as Plaintiffs did not present evidence that
these specific items are prohibited, the undisputed record
indicates that: Defendants allow these, or comparable items, to
be available for communal use in the chapel; but, at times the
items may not be available because, for example, existing items
were broken or requested items have not been donated.  To the
extent that Plaintiffs argue they should have daily access to
these items, even if this Court assumes that the lack of daily

access to these items is a substantial burden on their religious
exercise, the undisputed evidence is that Defendants limit access
to these items to only communal use in the chapel because of the
limited space available, scheduling concerns, and security
issues.  This Court therefore finds that the custom/policy of
allowing only weekly communal access in the chapel to *kala*, *ti*
shoots, *pahu*, *ipu*, *ipu heke*, *`ohe kā`eke`eke*, and *pūniu* is the
least restrictive means of furthering compelling governmental
interests.

However, this Court cannot find, based on the current
record, that the custom/policy of allowing only weekly communal
access in the chapel to *`ohe hano ihu* is the least restrictive
means.  Defendants have not addressed the evidence that inmates
who practice Drudism are allowed to keep a wooden flute in their
cells.  See 3/31/14 Order, 2014 WL 1321006, at *32.  Such an item
presents the same space and security concerns as the
*`ohe hano ihu*.  This Court therefore reaffirms its finding that
the evidence of an accommodation for a similar instrument for
another religious group raises a genuine issue of fact as to the
question of whether Saguaro's prohibition of daily access to
Native Hawaiian flutes is the least restrictive means available.

Defendants' Motion for Reconsideration is GRANTED IN
PART AND DENIED IN PART as to Count XXIV.  The Motion for
Reconsideration is DENIED as to the portion of Plaintiffs' RLUIPA

20

claim (Count XXIV) based on Plaintiffs' lack of daily access to personal amulets and *`ohe hano ihu* (bamboo nose flute). The Motion for Reconsideration is GRANTED insofar as this Court will amend the 3/31/14 Order and will grant summary judgment in favor of Defendants as to the portion of Count XXIV based on Plaintiffs' lack of access to *kala* (seaweed), *ti* shoots, *pahu* (tree stump drum), *ipu* (gourd drum), *ipu heke* (double gourd drum), *`ohe kā`eke`eke* (percussion instrument), and *pūniu* (small knee drum).

  **B.**  <u>**Free Exercise Claims**</u>

   For the reasons discussed *supra* section II.A., Defendants' Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART as to Count III (Plaintiffs' federal free exercise claim regarding lack of access to sacred items). The Motion for Reconsideration is DENIED as to the portion of Count III based on Plaintiffs' lack of daily access to personal amulets and *`ohe hano ihu* (bamboo nose flute). The Motion for Reconsideration is GRANTED insofar as this Court will amend the 3/31/14 Order and will grant summary judgment in favor of Defendants as to the portion of Count III based on Plaintiffs' lack of access to *kala*, *ti* shoots, *pahu*, *ipu*, *ipu heke*, *`ohe kā`eke`eke*, and *pūniu*.

   Similarly, for the reasons discussed *supra* section II.A. and based on the analysis of state constitutional claims for prospective declaratory and injunctive relief *supra* section

I., Defendants' Motion for Reconsideration is GRANTED IN PART AND
DENIED IN PART as to Count XIII (Plaintiffs' state free exercise
claim regarding lack of access to sacred items).  The Motion for
Reconsideration is DENIED as to the portion of Count XIII based
on Plaintiffs' lack of daily access to personal amulets and
`*ohe hano ihu*.  The Motion for Reconsideration is GRANTED insofar
as this Court will amend the 3/31/14 Order and will grant summary
judgment in favor of Defendants as to the portion of Count XIII
based on Plaintiffs' lack of access to *kala*, *ti* shoots, *pahu*,
*ipu*, *ipu heke*, *`ohe kā`eke`eke*, and *pūniu*.

      **C.**   **Equal Protection Claims**

For the reasons discussed *supra* section II.A.,
Defendants' Motion for Reconsideration is GRANTED IN PART AND
DENIED IN PART as to Count VIII (Plaintiffs' federal equal
protection claim regarding lack of access to sacred items).  The
Motion for Reconsideration is DENIED as to the portion of
Count VIII based on Plaintiffs' lack of daily access to personal
amulets and `*ohe hano ihu*.  The Motion for Reconsideration is
GRANTED insofar as this Court will amend the 3/31/14 Order and
will grant summary judgment in favor of Defendants as to the
portion of Count VIII based on Plaintiffs' lack of access to
*kala*, *ti* shoots, *pahu*, *ipu*, *ipu heke*, *`ohe kā`eke`eke*, and *pūniu*.

Further, Defendants are correct that, in ruling on
Count VIII, this Court overlooked the portion of the claim

regarding `olena (yellow ginger).  The 3/31/14 Order acknowledged

that Defendants presented specific reasons why that item is

prohibited.  2014 WL 1321006, at *31 ("Warden Thomas stated that

ginger is prohibited because it can be used to ferment and

manufacture alcohol." (citation and internal quotation marks

omitted)).  Further, Plaintiffs did not identify any evidence

that Defendants allow inmates of other religions to have access

to comparable items that could also be used to make alcohol.

This Court therefore concludes that Defendants are entitled to

reconsideration as the portion of Count VIII regarding `olena.

The Motion for Reconsideration is GRANTED insofar as this Court

will amend the 3/31/14 Order and will grant summary judgment in

favor of Defendants as to the portion of Count VIII based on

Plaintiffs' lack of access to `olena.

          In addition, Defendants argue that this Court erred in

denying summary judgment as to the portion of Count VIII based on

Plaintiffs' lack of access to coconut oil.  Defendants

acknowledge that inmate practitioners of the Native Hawaiian

religion do not have access to coconut oil because of

difficulties identifying an approved vendor, but Muslims have

access to prayer oils.  Defendants, however, argue that this is

not enough for Plaintiffs' claim to survive summary judgment

because Defendants are not required to give all prisoners

"'identical treatment and resources,'" and there is no evidence

that Defendants intentionally discriminated against Plaintiffs.
[Mem. in Supp. of Motion for Reconsideration at 26 (quoting
Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123-24
(9th Cir. 2013), and citing Kaeo-Tomaselli v. Pi`ikoi Recovery
House for Women, No. CIV. 11-00670 LEK, 2011 WL 5572603, at *2
(D. Hawai`i Nov. 16, 2011)).]

        This Court's ruling did not offend the legal principles
that Defendants cite in the Motion for Reconsideration.  Viewing
the current record in the light most favorable to Plaintiffs, the
Muslim inmates' prayer oils and the coconut oil for the inmate
practitioners of the Native Hawaiian religion pose the same
security issues, but Defendants readily provide prayer oils for
Muslim inmates while they have not been able to identify a vendor
of coconut oil for inmate practitioners of the Native Hawaiian
religion.  This Court reaffirms its finding in the 3/31/14 Order
that the current record raises a triable issue of fact as to
whether Defendants "acted with an intent or purpose to
discriminate against [Plaintiffs] based upon membership in a
protected class."  See Kaeo-Tomaselli, 2011 WL 5572603, at *2
(citing Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir.
1998) (citing Washington v. Davis, 426 U.S. 229, 239-40 (1976))).
Defendants' mere disagreement with this finding is not a
sufficient basis for reconsideration.  The Motion for
Reconsideration is therefore DENIED as to the portion of

Count VIII based on Plaintiffs' lack of access to coconut oil.

Similarly, for the reasons this Court has stated regarding Count VIII, and based on the analysis of state constitutional claims for prospective declaratory and injunctive relief set forth *supra* section I., Defendants' Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART as to Count XVIII (Plaintiffs' state equal protection claim regarding lack of access to sacred items).  The Motion for Reconsideration is DENIED as to the portion of Count XVIII based on Plaintiffs' lack of daily access to personal amulets, `*ohe hano ihu*`, and coconut oil.  The Motion for Reconsideration is GRANTED insofar as this Court will amend the 3/31/14 Order and will grant summary judgment in favor of Defendants as to the portion of Count XIII based on Plaintiffs' lack of access to *kala*, *ti* shoots, *pahu*, *ipu*, *ipu heke*, `*ohe kā`eke`eke*`, *pūniu*, and `*olena*`.

### III. **Moot Claims**

In the Motion for Reconsideration, Defendants argue that this Court should have found that the following claims are moot and granted them summary judgment: any claims for prospective equitable relief regarding Red Rock; all claims for prospective equitable relief by Plaintiff Poaha regarding Saguaro; any claims for prospective equitable relief by Plaintiffs Keawe, Kane, and Holbron regarding restricted housing at Saguaro; and Plaintiff Galdones's claims for prospective

equitable relief as to his ability to work in a prison job.
[Mem. in Supp. of Motion for Reconsideration at 27-28.]

First, the 3/31/14 Order did not address claims by
Plaintiffs Keawe and Kane regarding restricted housing.  Thus,
this Court DENIES Defendants' Motion for Reconsideration as to
this issue.

As to each of the other claims that Defendants argue
are moot, this Court denied all pending motions for summary
judgment without prejudice because "[t]here is not enough
evidence in the current record for this Court to determine
whether or not there is a reasonable expectation that" the
conditions would recur.  See, e.g., 3/31/14 Order, 2014 WL
1321006, at *3 (regarding the possibility of Plaintiffs' transfer
to Red Rock and the possibility of Plaintiff Poaha's transfer
back to Saguaro).  Defendants argue that this Court should have
granted summary judgment in Defendants' favor "because Plaintiffs
carry the burden of proof in establishing that a live controversy
exists at all stages of the proceeding, and the absence of
evidence requires dismissal of such claims."  [Mem. in Supp. of
Motion for Reconsideration (emphasis omitted) (citing Lujan v.
Defenders of Wildlife, 504 U.S. 555, 561 (1992)).]

The 3/31/14 Order acknowledged that Defendants
submitted evidence that "the Hawai`i inmates who were
incarcerated at Red Rock have been 'permanently' transferred to

Saguaro." 2014 WL 1321006, at *3 (footnote and citation omitted). Plaintiffs have not identified any contrary evidence which indicates a possibility that they may be transferred back to Red Rock. This Court therefore agrees with Defendants that there are no genuine issues of material fact as to Plaintiffs' claims for prospective equitable relief regarding Red Rock. Defendants are entitled to judgment as a matter of law that those claims are moot.

Similarly, Plaintiffs could have presented evidence regarding the circumstances of Plaintiff Poaha's transfer from Saguaro to Halawa Correctional Facility, if the circumstances of the transfer indicate that there is a reasonable expectation that he may be transferred back to Saguaro. Plaintiffs have not done so. In fact, in arguing that he should remain a party because he has a personal stake in class certification, Plaintiffs argue that Plaintiff Poaha "was very concerned about the daily group worship practice." [Mem. in Opp. to Motion for Reconsideration at 25 n.18.] Plaintiffs have not identified any evidence which indicates a possibility that Plaintiff Poaha may be transferred back to Saguaro. This Court therefore agrees with Defendants that there are no genuine issues of material fact as to Plaintiff Poaha's claims for prospective equitable relief regarding Saguaro. Defendants are entitled to judgment as a matter of law that those claims are moot.

This Court GRANTS Defendants' Motion for Reconsideration as to Plaintiffs' claims for prospective equitable relief regarding Red Rock and as to Plaintiff Poaha's claims for prospective equitable relief regarding Saguaro. This Court will amend the 3/31/14 Order to grant summary judgment in favor of Defendants as to those claims.[8]

In the 3/31/14 Order, this Court implicitly found that, viewing the current record in the light most favorable to Plaintiffs, there are genuine issues of material fact as to the issue of whether Plaintiff Holbron has a reasonable expectation of being placed in restricted housing in the future and as to the issue of whether Plaintiff Galdones may face retaliation in the future. Defendants' Motion for Reconsideration does not point to any evidence in the record that requires this Court to reconsider that finding. This Court therefore DENIES Defendants' Motion for Reconsideration as to their argument that Plaintiff Holbron's claims for prospective equitable relief regarding restricted housing and Plaintiff Galdones's claims for prospective equitable relief regarding his state law retaliation claim are moot.

---

[8] This Court emphasizes that this ruling does not mean that Plaintiff Poaha is dismissed from this case. This Court has not yet ruled on whether Plaintiffs, including Plaintiff Poaha, can pursue their claims for damages and other retrospective relief.

# IV.  **Arguments that this Court Allegedly Overlooked**

Finally, Defendants argue that the 3/31/14 Order failed to address the following arguments that they raised in their Motion for Summary Judgment: Defendant Sakai is entitled to summary judgment because he did not participate in the decision-making regarding the religious programming at issue in this case; Plaintiff Galdones's state law retaliation claim fails as a matter of law and, even if he has a viable claim, his request for punitive damages is meritless; Plaintiffs' state constitutional claims fail because Hawai`i law does not recognize a private right of action for violations of the Hawai`i State constitution; and Defendants are entitled to summary judgment as to Count XXI, Plaintiffs' claim based on Article XII, § 7 of the Hawai`i State Constitution and Haw. Rev. Stat. § 1-1.  [Mem. in Supp. of Motion for Reconsideration at 28-29.]  This Court has already addressed Defendants' argument regarding the claims for violation of the Hawai`i State Constitution.  See *supra* section I.

As to Defendants' argument that this Court should have granted summary judgment in favor of Defendant Sakai, this Court reiterates that the scope of the 3/31/14 Order was "limited to Plaintiffs' claims seeking prospective declaratory and injunctive relief."  2014 WL 1321006, at *3.  In ruling on Defendant Neil Abercrombie's Motion for Judgment on the Pleadings, [filed 6/7/13 (dkt. no. 322),] this Court stated:

The Ninth Circuit has recognized that the proper state defendant in a § 1983 action seeking prospective injunctive relief is the one who "would be responsible for ensuring that injunctive relief was carried out, **even if he was not personally involved in the decision giving rise to [the plaintiff's] claims**." <u>Pouncil v. Tilton</u>, 704 F.3d 568, 576 (9th Cir. 2012) (citing <u>Gonzalez v. Feinerman</u>, 663 F.3d 311, 315 (7th Cir. 2011) (the prison warden was the proper defendant for a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged conduct, because he would be responsible for ensuring that the injunctive relief was carried out)), *petition for cert. filed*, 81 U.S.L.W. 3643 (Apr. 25, 2013); <u>see also</u> <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1127 (9th Cir. 2013) (holding that official who the defendants admitted was "the 'most appropriate' defendant to execute court-ordered injunctive relief" and the official who "would have the authority to ensure execution of any order issued" were "proper official-capacity defendants for Plaintiffs' Establishment Clause claim").

<u>Davis v. Abercrombie</u>, Civil No. 11-00144 LEK-BMK, 2013 WL 5204982 ("9/13/13 Order"), at *14 (D. Hawai`i Sept. 13, 2013) (alterations in <u>Davis</u>) (emphasis added). In the 9/13/13 Order, this Court found that "if Plaintiffs prevail in this case, it is Defendant Sakai (as DPS director) who has the statutory authority to execute the requested injunctive relief and to remedy any violations identified in any declaratory relief." <u>Id.</u> Defendants did not seek reconsideration of the 9/13/13 Order.

Insofar as the 3/31/14 Order was limited to Plaintiffs' claims seeking prospective declaratory and injunctive relief, and this Court found in the 9/13/13 Order that Defendant Sakai is the proper defendant in Plaintiffs' claims for prospective equitable

relief, Defendant Sakai was not entitled to summary judgment, even if he did not participate in the decision-making regarding the religious programming at issue in this case.  Defendants' Motion for Reconsideration is DENIED as to Defendant Sakai.

Defendants argue that this Court should have granted summary judgment in their favor as to Plaintiff Galdones's state law retaliation claim or, at a minimum, on his claim of entitlement to punitive damages.  Insofar as the 3/31/14 Order was limited to Plaintiffs' claims for prospective equitable relief, and this Court ruled that there were genuine issues of material fact as to whether Plaintiff Galdones's request for prospective equitable relief was moot, this Court did not reach the merits of his state law retaliation claim.  This Court therefore DENIES Defendants' Motion for Reconsideration as to Plaintiff Galdones's state law retaliation claim.  Defendants may raise their arguments regarding that claim in a future motion.

Finally, this Court did not overlook Count XXI in the 3/31/14 Order.  This Court has already dismissed that claim with prejudice.  9/13/13 Order, 2013 WL 5204982, at *23.  This Court therefore DENIES Defendants' Motion for Reconsideration as to Count XXI.

## V.     Request for Certification of Interlocutory Appeal

Defendants argue that, unless this Court grants reconsideration and grants summary judgment in favor of

Defendants on all of the claims addressed in the Motion for
Reconsideration, this Court should certify the 3/31/14 Order for
interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Section
1292(b) states:

> When a district judge, in making in a civil action
> an order not otherwise appealable under this
> section, shall be of the opinion that such order
> involves a controlling question of law as to which
> there is substantial ground for difference of
> opinion and that an immediate appeal from the
> order may materially advance the ultimate
> termination of the litigation, he shall so state
> in writing in such order.  The Court of Appeals
> which would have jurisdiction of an appeal of such
> action may thereupon, in its discretion, permit an
> appeal to be taken from such order, if application
> is made to it within ten days after the entry of
> the order: **Provided, however**, That application for
> an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or
> the Court of Appeals or a judge thereof shall so
> order.

(Emphasis in original.)

This Court has described the standard applicable to a
motion for leave to file an interlocutory appeal as follows:

> A movant seeking an interlocutory appeal has a
> heavy burden to show that "exceptional
> circumstances justify a departure from the basic
> policy of postponing appellate review until after
> the entry of a final judgment."  Coopers & Lybrand
> v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 57
> L. Ed. 2d 351 (1978); see also James v. Price
> Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th
> Cir. 2002) ("Section 1292(b) is a departure from
> the normal rule that only final judgments are
> appealable, and therefore must be construed
> narrowly."); Pac. Union Conference of Seventh-Day
> Adventists v. Marshall, 434 U.S. 1305, 1309, 98 S.
> Ct. 2, 54 L. Ed. 2d 17 (1977) ("The policy against
> piecemeal interlocutory review other than as

> provided for by statutorily authorized appeals is
> a strong one." (citations omitted)).  Indeed,
> § 1292(b) is used "only in exceptional situations
> in which allowing an interlocutory appeal would
> avoid protracted and expensive litigation."  <u>In re
> Cement Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th
> Cir. 1982) (citing <u>U.S. Rubber Co. v. Wright</u>, 359
> F.2d 784, 785 (9th Cir. 1966) (per curiam)).

<u>Hawaii ex rel. Louie v. JP Morgan Chase & Co.</u>, Civil Nos.

12-00263 LEK-KSC etc., 2013 WL 391024, at *3-4 (D. Hawai`i

Jan. 29, 2013) (quoting <u>Leite v. Crane Co.</u>, Civil No. 11-00636

JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012)).

The instant case is not an exceptional case which

warrants an interlocutory appeal.  Even assuming, *arguendo*, that

this Court's rulings that are adverse to Defendants involve

"controlling question[s] of law as to which there is substantial

ground for difference of opinion[,]" an interlocutory appeal of

the 3/31/14 Order (after this Court amends it pursuant to this

order) would not materially advance the ultimate termination of

the litigation.  Defendants seek to appeal rulings denying

summary judgment in their favor, but this Court denied summary

judgment as to those claims because this Court has found that

there are genuine issues of fact that are material to the

ultimate determination of those claims.  An interlocutory appeal

would not resolve the issues of fact and would substantially

delay this case, which has already been pending for more than

three years.  This court therefore DENIES Defendants' request for

certification of the 3/31/14 Order (after amendment) for

interlocutory appeal.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion for Partial Reconsideration of Order on Defendants' Motions for Summary Judgment (Doc. 497), filed April 14, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART. This Court will amend its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Granting in Part and Denying in Part Plaintiff Robert Holbron's Counter-Motion for Summary Judgment on His Claims; and Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment Against Defendants as to Their Claims under the Religious Land Use and Institutionalized Persons Act, [filed 3/31/14 (dkt. no. 497),] to grant summary judgment in favor of Defendants on the claims as to which this Court granted reconsideration in the instant order.

In addition, this Court DENIES Defendants' alternate request for leave to take an interlocutory appeal from the amended version of the 3/31/14 Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 2, 2014.



                    /s/ Leslie E. Kobayashi
                    Leslie E. Kobayashi
                    United States District Judge

**RICHARD KAPELA DAVIS, ET AL. VS. NEIL ABERCROMBIE, ET AL; CIVIL 11-00144 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DOC. 497)**