IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD KAPELA DAVIS, MICHAEL HUGHES, DAMIEN KAAHU, ROBERT A. HOLBRON, JAMES KANE, III, ELLINGTON KEAWE, KALAI POAHA, TYRONE KAWAELANILUA`OLE NA`OKI GALDONES,<br><br>          Plaintiffs,<br><br>     vs.<br><br>NEIL ABERCROMBIE, in his official capacity as the Governor of the State of Hawaii; TED SAKAI, in his official capacity as the Director of the Hawaii Department of Public Safety; CORRECTIONS CORPORATIONS OF AMERICA,<br><br>          Defendants. | CIVIL NO. 11-00144 LEK-BMK |

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

On August 18, 2014, Plaintiffs Richard Kapela Davis,

Tyrone K.N. Galdones, Robert A. Holbron, Michael Hughes,

Damien Kaahu, James Kane, III, Ellington Keawe, and Kalai K.

Poaha (collectively, "Plaintiffs") filed their Petition for Writ

of Habeas Corpus Ad Testificandum ("Petition"). [Dkt. no. 625.]

Defendants Ted Sakai, in his official capacity as the Director of

the Hawai`i Department of Public Safety ("DPS"), and Corrections

Corporation of America (collectively "Defendants") filed their

memorandum in opposition on August 27, 2014, and Plaintiffs filed

their reply on September 3, 2014.  [Dkt. nos. 636, 640.]  The

Court finds this matter suitable for disposition without a

hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i

("Local Rules").  After careful consideration of the Petition,

supporting and opposing memoranda, and the relevant legal

authority, Plaintiffs' Petition is HEREBY GRANTED IN PART AND

DENIED IN PART for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background in this

case is set forth in this Court's June 13, 2014 Amended Order

Granting in Part and Denying in Part Defendants' Motion for

Summary Judgment; Granting in Part and Denying in Part Plaintiff

Robert Holbron's Counter-motion for Summary Judgment on His

Claims; and Granting in Part and Denying in Part Plaintiffs'

Motion for Partial Summary Judgment Against Defendants as to

Their Claims under the Religious Land Use and Institutionalized

Persons Act ("6/13/14 Summary Judgment Order") and in this

Court's July 31, 2014 Order Granting in Part and Denying in Part

Defendants' Motion for Summary Judgment Re: Sovereign

Immunity/Damages ("7/31/14 Summary Judgment Order").  [Dkt. nos.

544, 596.[1]]  This Court incorporates the background sections of

---

[1] The 6/13/14 Summary Judgment Order is available at 2014 WL
(continued...)

the 6/13/14 Summary Judgment Order and the 7/31/14 Summary
Judgment Order in the instant Order.

In their Petition, Plaintiffs seek to secure the
physical presence, and testimony, of Plaintiffs Davis, Galdones,
Hughes, Holbron, Kane, and Keawe at trial.  These Plaintiffs are
currently incarcerated at Saguaro Correctional Center
("Saguaro"), and the Court will refer to them collectively as
"the Saguaro Plaintiffs."  In the alternative, Plaintiffs seek an
order requiring Defendants' Arizona-based witnesses to testify by
video-conference.  Plaintiffs also request that all Plaintiffs
who are incarcerated at the time of trial[2] be allowed to testify
in plain clothes and free of visible security restraints.

Defendants maintain that the Saguaro Plaintiffs have no
constitutional right to appear at trial in person, and both the
expense and the security risks weigh in favor of denying the
Petition.  Defendants contend that suitable alternatives to
physical presence exist, specifically testimony by video-
conference.

---

[1](...continued)
2716856, and the 7/31/14 Summary Judgment Order is available at
2014 WL 3809499.

[2] For example, the 6/13/14 Summary Judgment Order noted that
Plaintiff Poaha has been transferred to Halawa Correctional
Facility ("Halawa").  2014 WL 2716856, at *5.

**STANDARD**

"A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally." Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985) (citation omitted). A prisoner plaintiff does not have an absolute right to appear because "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir. 1989) (some citations omitted) (citing Price v. Johnston, 334 U.S. 266, 285-86, 68 S. Ct. 1049, 1059-60, 92 L. Ed. 1356 (1948)).

A district court has the discretion to issue a writ of habeas corpus ad testificandum. Wiggins v. Alameda Cnty., 717 F.2d 466, 468 n.1 (9th Cir. 1983) (per curiam); cf. Moss v. Gomez, No. 97-56234, 1998 WL 756976, at *1 (9th Cir. Oct. 26, 1998) (stating that a denial of a writ of habeas corpus ad testificandum is reviewed for abuse of discretion (citing Wiggins)). The Ninth Circuit recognizes four factors that a district court should weigh to determine "whether to issue [a] writ to bring a state prisoner witness into federal court." Wiggins, 717 F.2d at 468 n.1 (citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)).

> When determining whether it should issue a writ of
> *habeas corpus ad testificandum* in such instances,
> the district court must exercise its discretion

4

based upon consideration of such factors as
whether the prisoner's presence will substantially
further the resolution of the case, the security
risks presented by the prisoner's presence, the
expense of the prisoner's transportation and
safekeeping, and whether the suit can be stayed
until the prisoner is released without prejudice
to the cause asserted.

Id. (quoting Ballard, 557 F.2d at 480).

One recognized alternative to a prisoner plaintiff's live testimony in the courtroom is testimony by video-conference. See Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

## DISCUSSION

### I.   Scope of the Order

At the outset, this Court notes that Plaintiffs' reply argues that, if this Court does not grant the Petition, it should order Defendants to produce one representative of the Saguaro Plaintiffs to be present at trial to confer with counsel. Plaintiffs argue that, if the Saguaro Plaintiffs are not allowed to have a representative physically present, Defendants will have an unfair advantage at trial. Local Rule 7.4 states that "[a]ny argument raised for the first time in the reply shall be disregarded." The Court therefore will not address this argument

in the instant Order.[3]

## II.  **Writ of Habeas Corpus Ad Testificandum**

### A.   **Whether the Saguaro Plaintiffs' Presence Will Substantially Further the Resolution of the Case**

As to the first <u>Ballard</u> factor, Plaintiffs assert that the lack of live testimony will hinder the Saguaro Plaintiffs' ability to demonstrate sincerity.  They also argue, in order effectively present their case, the Saguaro Plaintiffs need to have access to counsel each day, in an environment where they can have candid and confidential discussions.  [Mem. in Supp. of Petition at 5-6.]

This Court, while recognizing the importance of live testimony, "must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary."  <u>See</u> <u>Greene v. Prunty</u>, 938 F. Supp. 637, 639 (S.D. Cal. 1996).  The Ninth Circuit has affirmed the use of alternatives to live testimony, when district court weighs the <u>Ballard</u> factors.  <u>See, e.g.</u>, <u>Vaccaro v. Dobre</u>, 27 F. App'x. 887, 888 (9th Cir. 2001) (holding that "the district court did not abuse its discretion in denying [the plaintiff's] writ of habeas corpus *ad testificandum* when it allowed [the plaintiff] to

_____

[3] This Court also notes that, even if it did address Plaintiffs' argument, this Court would find that there is insufficient evidence in the current record to support Plaintiffs' unfair advantage argument.

6

testify at trial by telephone and correctly applied the <u>Ballard</u> factors in determining not to grant the writ" (citations omitted)).

The Court understands Plaintiffs' concerns about Saguaro's prior recording of calls, its time and day restrictions on calls, and its prior requirement that a corrections officer be in the room during a legal call. [Mem. in Supp. of Petition at 5-6.] Defendants maintain that the magistrate judge was fully apprised of Saguaro's telephone accommodation capabilities in Defendants' memorandum in opposition to Plaintiffs' Motion for an Order Under Federal Rule Civil Procedure 23(d) and the All Writs Act for Court-Ordered Confidential Calls ("Confidential Calls Motion"). [Confidential Calls Motion, filed 9/20/12 (dkt. no. 172); Amended Opp. to Confidential Calls Motion, filed 10/19/12 (dkt. no. 196).] The magistrate judge declined to order different accommodations and denied the Confidential Calls Motion without prejudice. [Minutes, filed 11/15/12 (dkt. no. 211).] Plaintiffs did not file another motion addressing their telephone access.

Defendants have presented evidence that Saguaro does not monitor or record calls to phone numbers that inmates designate "attorney," "lawyer," or "legal" on their inmate phone list. [Mem. in Opp., Decl. of Warden Thomas ("Thomas Decl.") at ¶¶ 25-26.] Plaintiffs have not presented evidence to the

contrary, but they argue that legal calls are only available
Tuesdays through Thursdays, for no longer than thirty minutes,
and Plaintiffs raise concerns about the presence of prison
officials during attorney-client phone calls. [Petition, Decl.
of Sharla Manley ("Manley Decl.") at ¶ 4.] Warden Thomas states
that inmates in Saguaro's general population have access to
telephones in their pods to make out-going calls, including
collect calls. The phones are available from 5:00 a.m. to 11:00
p.m., Arizona time, but all calls are limited to twenty minutes
to ensure equitable phone access among all inmates. [Thomas
Decl. at ¶¶ 30-31.]

       Defendants also presented evidence that, when attorneys
wish to initiate telephone calls with inmates, they must make
arrangements with the DPS Mainland Branch Office. The office
then arranges the designated date and time with Saguaro. The
inmate will receive the call in the video-conference rooms, which
are outside of the inmates' housing pod. For security reasons,
telephones in the housing pods are not equipped to receive in-
coming calls. Saguaro does not monitor or record the scheduled
calls from attorneys. [Id. at ¶¶ 37-40.] In the Petition,
Plaintiffs argue that there is a "**history** of recording
Plaintiffs' telephone calls and placing correctional officers in
the same room as Plaintiffs during their legal calls." [Manley
Decl. at ¶ 5 (emphasis added).] Plaintiffs, however, do not

present any evidence that those practices continue at the present time, and this Court notes that Plaintiffs filed the Confidential Calls Motion over two years ago. Further, the Thomas Declaration, which Warden Thomas signed on August 28, 2014 under penalty of perjury, states that properly designated out-going legal calls and in-coming legal calls are not monitored or recorded.[4] This Court credits the Thomas Declaration for purposes of the instant Petition. However, if Saguaro fails to comply with the procedures that Warden Thomas described, Plaintiffs' counsel should immediately bring the matter to this Court's attention.

Plaintiffs argue that the first <u>Ballard</u> factor weighs in their favor because, in light of the limitations on attorney-client communications at Saguaro, the physical presence of the Saguaro Plaintiffs at trial will substantially further the resolution of the case. The United States Supreme Court has recognized that "[t]he Fourteenth Amendment due process claim based on access to the courts, has not been extended . . . to apply further than protecting the ability of an inmate to prepare a petition or complaint." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576

---

[4] The version of the Thomas Declaration attached to the memorandum in opposition noted that it was electronically reviewed and telephonically approved on August 27, 2014. [Thomas Decl. at pg. 13.] On August 28, 2014, Defendants filed the version that Warden Thomas signed. [Dkt. no. 637.]

(1974) (citations omitted).  <u>Wolff</u> addressed a state policy that
allowed prison officials to open an inmate's mail from an
attorney to inspect for contraband, provided that the officials:
opened the mail in the inmate's presence; and did not read the
mail.  The Supreme Court held that the policy did not violate the
inmate's constitutional rights.  <u>Id.</u> at 576-77.

A similar reasoning applies in the present case.
Saguaro has legitimate penalogical interests in restricting
inmates' telephone use, and Saguaro has developed policies and/or
practices that preserve the facility's penalogical interests
while still ensuring that inmates can have confidential
communications with their attorneys.  This Court finds that the
mode of communication available to the Saguaro Plaintiffs and
their counsel is reasonable and sufficient.

Having considered all of the circumstances relevant to
the first <u>Ballard</u> factor, this Court finds that the Saguaro
Plaintiffs' physical presence at trial will not substantially
further the resolution of the case.

## B.   <u>Security Risks Created by Physical Presence</u>

As to the second <u>Ballard</u>, Defendants point to: the
nature of the crimes that Plaintiffs were convicted of; their
varying security status requirements; and the number of
Plaintiffs involved in this case.  Plaintiffs' convictions
include violent crimes, such as murder, sex assault, aggravated

10

assault, kidnaping, and robbery.  [Mem. in Opp. at 11 & n.6
(citing Plaintiffs' state court criminal cases).]  Defendants
also point out that some of the Saguaro Plaintiffs have a "high
custody" or "Security Threat Group" status because they have
engaged in institutional misconduct, such as violation of
institutional rules and assault a correctional officer.  [Thomas
Decl. at ¶ 12.]  This Court therefore finds that the second
Ballard factor weighs against Plaintiffs.

     **C.   Expense of Physical Presence**

          As to the third Ballard factor, Defendants maintain
that transferring the Saguaro Plaintiffs to Halawa for trial
would cost between $96,058.80 and $135,593.76.  [Mem. in Opp. at
10.]  Defendants estimate airfare would cost between $4,471 and
$6,100 per inmate, each way.  Thus, air transport alone would
total between $53,652 and $73,200 for the six Saguaro Plaintiffs.
[Id. at 7-8 (citing Mem. in Opp., Decl. of Howard Komori ("Komori
Decl.") at ¶¶ 7, 11, Decl. of Shelley Nobriga ("Nobriga Decl.")
at ¶ 5).[5]]  In addition, providing daily transportation between
the courthouse and Halawa and security during the trial day would

_____

     [5] Howard Komori has been employed with DPS since December
30, 1996.  He has been the interim Mainland Branch Administrator
since July 16, 2014.  Prior to his appointment to that position,
he was the Supervisor of the Mainland Branch, and he reported to
Shari Kimoto, the former Mainland Branch Administrator.  [Komori
Decl. at ¶¶ 3-4.]  Shelley Nobriga is the DPS Litigation
Coordination Officer.  [Nobriga Decl. at ¶ 3.]

cost approximately $70,225.20 to $109,760.16 for the estimated fourteen-day trial. [<u>Id.</u> at 8-9 (citing Komori Decl. at ¶¶ 8-10; Nobriga Decl. at ¶¶ 6-8).] Because housing an inmate at Halawa costs $129.00 per day, as opposed to $81.16 a day at Saguaro, transferring the six Saguaro Plaintiffs to Halawa for trial would cost an additional $47.84 per day, per person. [<u>Id.</u> at 9 (citing Komori Decl. at ¶ 20; Nobriga Decl. at ¶ 9).]

Plaintiffs argue that, because the State of Hawai`i chose to send inmates to Eloy, Arizona, Defendants cannot object to transporting the Saguaro Plaintiffs back to Hawai`i for trial. [Mem. in Supp. of Petition at 2.] This Court understands Plaintiffs' position, but it is a political issue. Further, the Court is still tasked with weighing all of the <u>Ballard</u> factors.

The Court finds that the expense of securing the Saguaro Plaintiffs' physical presence at trial weighs against Plaintiffs, particularly in light of the facts that the Saguaro Plaintiffs do not have an absolute right to be present at trial, and testimony by video-conference is available.

####     D.    <u>Whether the Action Can Be Stayed</u>

As to the fourth <u>Ballard</u> factor, Plaintiffs are primarily seeking prospective injunctive relief, and three of the Saguaro Plaintiffs "are effectively serving life sentences." [Mem. in Supp. of Petition at 9.] The action therefore cannot be stayed without prejudice to Plaintiffs' claims. This Court finds

that the fourth <u>Ballard</u> factor weighs in favor of Plaintiffs, but the significance of this factor is limited because the trial can go forward with the Saguaro Plaintiffs testifying by video-conference.

**E.  <u>Summary</u>**

This Court finds that the majority of the <u>Ballard</u> factors weigh against Plaintiffs.  Further, this Court finds that, under the facts of this case, there are good cause, compelling circumstances, and appropriate safeguards that justify having the Saguaro Plaintiffs testify at trial via video-conference.  <u>See</u> Fed. R. Civ. P. 43(a).

This Court therefore DENIES the Petition, insofar as it requests an order requiring Defendants to secure the Saguaro Plaintiffs' physical presence at trial.  This Court ORDERS that all testimony by any Plaintiff who is incarcerated at Saguaro at the time of trial be conducted via video-conference from Saguaro.

**III. <u>Plaintiffs' Other Requests</u>**

The Petition also requests that, if this Court does not require the Saguaro Plaintiffs' physical presence at trial, this Court preclude Defendants' Arizona-based witnesses from testifying in person and require them to testify via video-conference.  Plaintiffs do not cite any caselaw supporting this request, and this Court is not aware of any.  This Court therefore DENIES the Petition, insofar as it asks this Court to

13

limit Defendants' Arizona-based witnesses to testimony via video-conference.

Finally, the Petition requests that all Plaintiffs who are incarcerated at the time of trial be allowed to appear in plain clothes and free from visible security restraints. Plaintiffs contend that prison attire and restraints may prejudice the jury. [Mem. in Supp. of Petition at 10.] This request is somewhat puzzling in that the very nature of this litigation involves claims by prisoners regarding their treatment by prison officials during incarceration. The fact that they are incarcerated will be clearly evident to the jury, regardless of their attire. Nevertheless, visible restraints carry a "high risk of prejudice," Dyas v. Poole, 317 F.3d 934, 937 (9th Cir. 2003), and "distinctive, identifiable attire may affect a juror's judgment." Estelle v. Williams, 425 U.S. 501, 504-05 (1976). The Court therefore GRANTS Plaintiffs' request, and ORDERS Defendants to allow Plaintiffs to appear in plain clothes, with no security restraints visible, during their testimony and during any other portion of the trial that they attend.

Plaintiffs' counsel are solely responsible for ensuring that plain clothes are provided to the staff of all of the facilities where Plaintiffs are incarcerated at the time of trial, well in advance of their anticipated date of testimony, and which are acceptable according to the rules of the facility.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Petition for Writ of Habeas Corpus Ad Testificandum, filed August 18, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as this Court ORDERS Defendants to allow Plaintiffs to appear at trial in plain clothes and without any visible security restrains. The Petition is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

RICHARD KAPELA DAVIS, ET AL. VS. NEIL ABERCROMBIE, ETC., ET AL; CIVIL 11-00144 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM