IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
RICHARD KAPELA DAVIS, MICHAEL )      CIVIL NO. 11-00144 LEK-BMK
HUGHES, DAMIEN KAAHU, ROBERT  )
A. HOLBRON, JAMES KANE, III,  )
ELLINGTON KEAWE, KALAI POAHA, )
TYRONE KAWAELANILUA`OLE       )
NA`OKI GALDONES,              )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
NEIL ABERCROMBIE, in his      )
official capacity as the      )
Governor of the State of      )
Hawaii; TED SAKAI, in his     )
official capacity as the      )
Director of the Hawaii        )
Department of Public Safety;  )
CORRECTIONS CORPORATIONS OF   )
AMERICA,                      )
                              )
          Defendants.         )
_____)
```

**ORDER REGARDING THE PARTIES' PROPOSALS FOR
THE NOTICE OF PENDENCY OF CLASS ACTION**

At an October 20, 2014 status conference, the Court instructed the parties to meet and confer regarding a proposed class notice and the distribution of the notice. The parties were unable to reach an agreement and, on November 3, 2014, Plaintiffs and Defendants submitted their respective letters with their proposals for the Notice of Pendency of Class Action ("Plaintiffs' 11/3/14 Letter," "Defendants' 11/3/14 Letter," and "the proposed Notices"). [Dkt. nos. 655, 656.] Defendants also submitted a supplemental letter on November 12, 2014

("Defendants' 11/12/14 Letter"). [Dkt. no. 658.]

The Court notes that the parties agree on the manner of distribution at Saguaro Correctional Center ("Saguaro"), and Defendants have agreed to provide Plaintiffs' counsel with a list of all inmates at Saguaro who are currently registered as practitioners of the Native Hawaiian religion. They also agree that: Plaintiffs' counsel will use the Hawai`i vine link website to search for addresses for inmates who were registered Native Hawaiian practitioners at Saguaro, but who are no longer incarcerated ("Released Practitioners"); and Defendants will provide Plaintiffs' counsel with the last known addresses of the Released Practitioners whom Plaintiffs' counsel cannot locate on the website.

The instant Order rules on some of the issues that remain in dispute.

I. **Posting in Hawai`i Facilities**

Plaintiffs ask this Court to order Defendant Ted Sakai, in his official capacity as the Director of the Hawai`i Department of Public Safety, to post the Notice at Halawa Correctional Facility, Laumaka Work Furlough Center, and Waiawa Correctional Facility (collectively "the Hawai`i Facilities"). The Court finds that posting the Notice at the Hawai`i Facilities is unnecessary, overbroad, and unduly burdensome. It is unnecessary because Plaintiffs' counsel can identify, through

existing discovery, the inmates who were registered practitioners of the Native Hawaiian religion at Saguaro but who have been transferred to, and are currently incarcerated at, one of the Hawai`i Facilities. Plaintiffs' counsel can send the Notice directly to those persons. Posting the Notice in the Hawai`i Facilities is overbroad because the practices and procedures regarding religious exercise at the Hawai`i Facilities are not at issue in this case. Further, it is likely to cause confusion, which will likely result in unduly burdensome inquiries from inmates who are not a part of any of the certified Classes or Subclasses. Plaintiffs' request to have the Notice posted at the Hawai`i Facilities is therefore DENIED.

## II. **Released Practitioners With No Last Known Address**

Plaintiffs request that Defendants provide Plaintiffs' counsel with the social security numbers of the Released Practitioners who do not have a last known address. Plaintiffs have not cited any authority supporting this general request for social security numbers. Further, Plaintiffs have not specified whether they have examined Defendants' discovery productions to determine: how many Released Practitioners there are; their names; and what other information is available for them. Plaintiffs' request for the social security numbers of the Released Practitioners without a last known address is therefore DENIED.

This Court ORDERS the parties to meet and confer to: confirm the identification of the Released Practitioners without a last known address; and discuss other methods to locate them without the use of social security numbers.

### III. **Information Gap**

Plaintiffs assert that "there is an information gap that exists concerning inmates who were registered as Native Hawaiian practitioners at Saguaro prior to November 2010." [Pltfs.' 11/3/14 Letter at 3.] The alleged information gap affects the Damages Class and the two Damages Subclasses, which this Court certified pursuant to Fed. R. Civ. P. 23(b)(3). See Order Granting in Part and Denying in Part Plaintiffs' Amended Second Motion for Class Certification, filed 9/30/14 (dkt. no. 644) ("9/30/14 Certification Order"), at 65-69.[1]

Rule 23(c)(2)(B) states, in pertinent part: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Plaintiffs have had ample time to conduct class discovery. Defendants' 11/3/14 Letter describes the documents and information that they have provided to Plaintiffs regarding the registered practitioners of

---

[1] The 9/30/14 Certification Order is also available at 2014 WL 4956454.

the Native Hawaiian religion at Saguaro from 2007 to the present. [Defs.' 11/3/14 Letter at 2-3.] In addition, although they deny that there is an information gap, Defendants state that they will provide Plaintiffs with change of religion forms from Saguaro's opening in June 2007 through November 2010. [Defs.' 11/12/14 Letter at 1.] This Court ORDERS Defendants to produce those documents to Plaintiffs' counsel by **November 24, 2014**.

This Court FINDS that, after the production of the change of religion forms from June 2007 to November 2010, Plaintiffs' counsel will have sufficient information to make a reasonable effort to identify all of the members of the Damages Class and Subclasses. If Defendants fail to produce the change of religion forms by **November 24, 2014**, Plaintiffs may file a motion seeking sanctions for the violation of the instant Order.

To the extent that Plaintiffs' 11/3/14 Letter requests additional information regarding practitioners of the Native Hawaiian religion at Saguaro from June 2007 through November 2010, Plaintiffs' request is DENIED.

## IV. Content of the Notice

The parties were not able to agree upon the proposed content of the Notice. This Court resolved Defendants' arguments regarding what claims remain at issue in this case in its Order Regarding Remaining Claims, filed November 10, 2014 ("11/10/14 Claims Order"). [Dkt. no. 654.] This Court ORDERS the parties

to meet and confer regarding the revision of the proposed Notice in light of the 11/10/14 Claims Order and the instant Order.

To provide guidance to the parties regarding the content of the Notice, this Court emphasizes that simpler is better.  This Court also agrees with Defendants that the Notice must not suggest that the Damages Class and Subclass may recover more than nominal damages.  This Court does not believe that the language Defendants cited from Plaintiffs' proposed Notice necessarily implies that more than nominal damages is available.  See Defs.' 11/3/14 Letter at 4 (quoting section 7 of Plaintiffs' proposed Notice ("If you request exclusion, you will no longer be a class member and you will not receive money from any settlement or judgment.")).]  This Court, however, finds that the following language is preferable: "If you request exclusion, you will no longer be a class member and you will not receive any settlement or judgment."

## V. **Meet-and-Confer**

This Court has ordered the parties to meet and confer regarding: 1) the identification of the Released Practitioners who have no last known address; 2) proposed methods to contact those former inmates; and 3) a revised version of the proposed Notice.  If the parties are able to reach an agreement regarding these issues, they shall submit a joint letter brief describing their agreement, accompanied by their joint proposed Notice.  If

the parties are unable to reach an agreement, each side shall submit its own letter brief, with its proposed Notice.  This Court will choose which proposed Notice shall be distributed.  The parties' letter(s) are due by **November 24, 2014**.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, November 14, 2014.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**RICHARD KAPELA DAVIS, ET AL. VS. NEIL ABERCROMBIE, ET AL.; CIVIL 11-00144 LEK-BMK; ORDER REGARDING THE PARTIES' PROPOSALS FOR THE NOTICE OF PENDENCY OF CLASS ACTION**