IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD KAPELA DAVIS, MICHAEL HUGHES, DAMIEN KAAHU, ROBERT A. HOLBRON, JAMES KANE, III, ELLINGTON KEAWE, KALAI POAHA, TYRONE KAWAELANILUA`OLE NA`OKI GALDONES, <br><br> Plaintiffs, <br><br> vs. <br><br> NEIL ABERCROMBIE, in his official capacity as the Governor of the State of Hawaii; TED SAKAI, in his official capacity as the Director of the Hawaii Department of Public Safety; CORRECTIONS CORPORATIONS OF AMERICA, <br><br> Defendants. | CIVIL NO. 11-00144 LEK-BMK |

**ORDER DENYING PLAINTIFFS' SECOND MOTION FOR
A PROTECTIVE ORDER PROHIBITING RETALIATION AGAINST
<u>PLAINTIFFS AND CLASS MEMBERS AND INTIMIDATION OF WITNESSES</u>**

On November 12, 2014, Plaintiffs Richard Kapela Davis, Tyrone K.N. Galdones, Robert A. Holbron, Michael Hughes, Damien Kaahu, James Kane, III, Ellington Keawe, and Kalai K. Poaha (collectively "Plaintiffs") filed their Second Motion for a Protective Order Prohibiting Retaliation Against Plaintiffs and Class Members and Intimidation of Witnesses ("Motion"). [Dkt. no. 657.] On November 26, 2014, Defendants Ted Sakai, in his official capacity as the Director of the Hawai`i Department of Public Safety ("DPS"), and Corrections

Corporation of America (collectively "Defendants") filed their redacted memorandum in opposition and, on December 2, 2014, Defendants filed their unredacted memorandum in opposition under seal.  [Dkt. nos. 664, 670.]  Plaintiffs filed their reply on December 10, 2014.  [Dkt. no. 669.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is well known to the parties and this Court.  It is not necessary to repeat that background here, because it is sufficiently set forth in this Court's June 13, 2014 Amended Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Granting in Part and Denying in Part Plaintiff Robert Holbron's Counter-motion for Summary Judgment on His Claims; and Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment Against Defendants as to Their Claims under the Religious Land Use and Institutionalized Persons Act ("6/13/14 Summary Judgment Order") and in this Court's July 31, 2014 Order Granting in Part and Denying in Part Defendants' Motion for

Summary Judgment Re: Sovereign Immunity/Damages ("7/31/14 Summary Judgment Order").  [Dkt. nos. 544, 596.[1]]

In the instant Motion, Plaintiffs seek a protective order pursuant to Fed. R. Civ. P. 23(d), Fed. R. Civ. P. 26(c), or the All Writs Act, 16 U.S.C. § 1651.[2]  [Motion at 2-3.] Specifically, Plaintiffs ask this Court to impose the following:

    1.   Defendants, their officers, agents, and all those acting in concert with them are ordered to refrain from talking with Plaintiffs and class members about this lawsuit;

    2.   Defendants, their officers, agents, and all those acting in concert with them are prohibited from taking any action in retaliation, or threatening to take any action in retaliation, against Plaintiffs and members of plaintiffs' class, including but not limited to disciplinary action, the denial of privileges, or retaliatory searches, on account of [P]laintiffs and members of their class participating, assisting, or volunteering any facts or circumstances in the furtherance of this lawsuit;

---

[1] The 6/13/14 Summary Judgment Order is available at 2014 WL 2716856, and the 7/31/14 Summary Judgment Order is available at 2014 WL 3809499.

[2] The Court notes that Plaintiffs filed their original Motion for a Protective Order Prohibiting Retaliation Against Plaintiffs and Intimidation of Witnesses ("Original Motion") on March 11, 2013.  [Dkt. no. 247.]  The magistrate judge denied the Original Motion without prejudice.  [Minutes, filed 4/18/13 (dkt. no. 290).]  This Court does not construe the instant Motion as a motion for reconsideration of the magistrate judge's ruling on the Original Motion.  Although the instant Motion relies on some of the same alleged incidents as the Original Motion, the instant Motion asks this Court to consider those incidents in the context of this case as a whole, including alleged incidents that occurred after the ruling on the Original Motion.

> 3.  Defendants, their officers, agents, and all those acting in concert with them are prohibited from taking any action in retaliation against Plaintiffs and members of plaintiffs' class, or threatening to take any action in retaliation, against Plaintiffs and members of plaintiffs' class, including but not limited to disciplinary action, the denial of privileges, or retaliatory searches, on account of filing a grievance concerning a request to engage in religious observances at the Saguaro facility.

[Id. at 3-4.]

## DISCUSSION

### I. Rule 26(c) and the All Writs Act

Rule 26(c)(1) states, in pertinent part:

> A party or any person **from whom discovery is sought** may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

(Emphasis added.) Based on Plaintiffs' representations in the instant Motion, they are not seeking relief in response to, or in anticipation of, a request for discovery. Instead, the Motion addresses on-going conditions at Saguaro Correctional Center ("Saguaro") related to participation in this class action litigation. See, e.g., Mem. in Supp. of Motion at 2 ("there is

4

both a history and high likelihood of unsupervised, unilateral communications with the plaintiff class"); id. ("Defendants continue to retaliate against inmates for participating in or supporting this lawsuit."). This Court therefore concludes that Rule 26(c) does not apply to Plaintiffs' request for a protective order.

> Section 1651 states:
>
> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The United States Supreme Court has stated:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate. . . .

Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 42-43 (1985). This Court concludes that the All Writs Act does not apply because Plaintiffs seek a writ that is covered by Rule 23(d).

## II. Rule 23(d)

Rule 23(d)(1) states, in pertinent part:

In conducting an action under this rule, the court may issue orders that:

. . . .

(C) impose conditions on the representative parties or on intervenors; [or]

. . . .

(E) deal with similar procedural matters.

Plaintiffs argue that a protective order is necessary in this case because of: instances of harassment and intimidation; retaliation and threats of retaliation; two incidents in April 2014 in which Plaintiffs' counsel could not reach Plaintiff Kane for a legal call that counsel had scheduled through DPS; and incidents of taunting certain Plaintiffs about their Native Hawaiian religion.

> "Because of the potential for abuse [presented by class actions], a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981). In particular, a district court has the power to "limit[] communications between parties and potential class members." Id. at 101. Gulf Oil noted the "obvious potential for confusion" and adverse effect on the "administration of justice" that misleading communications may cause. Id. at 100 n.12 (quoting Waldo v. Lakeshore Estates, Inc., 433 F. Supp. 782 (E.D. La. 1977)). The prophylactic power accorded to the court presiding over a putative class action under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of

> authority is not only to protect class members in
> particular but to safeguard generally the
> administering of justice and the integrity of the
> class certification process.
>
> > A district court's duty and authority under
> > Rule 23(d) to protect the integrity of the
> > class and the administration of justice
> > generally is not limited only to those
> > communications that mislead or otherwise
> > threaten to create confusion and to influence
> > the threshold decision whether to remain in
> > the class.  Certainly communications that
> > seek or threaten to influence the choice of
> > remedies are . . . within a district court's
> > discretion to regulate.
>
> In re Sch. Asbestos Litig., 842 F.2d 671, 683 (3d
> Cir. 1988).  In Wang v. Chinese Daily News, Inc.,
> 623 F.3d 743, 756 (9th Cir. 2010),[3] judgment
> vacated on other grounds, 132 S. Ct. 74 (2011),
> the Ninth Circuit similarly noted, "Rule 23(d)
> gives district courts the power to regulate the
> notice and opt-out processes and to impose
> limitations when a party engages in behavior that
> threatens the fairness of the litigation."  Cf.
> Soskel v. Texaco, Inc., 94 F.R.D. 201, 203
> (S.D.N.Y. 1982) (the court exercised its power to
> disapprove a settlement with the named plaintiffs
> in order to protect the other putative class
> members).

O'Connor v. Uber Techs. Inc., No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014) (alterations in O'Connor).  In Wang, the Ninth Circuit stated that, "upon making 'a clear record and specific findings,' a district court could control communications because '[m]isleading communications to class

---

[3] In Wang, 132 S. Ct. 74 (2011), the United States Supreme Court vacated the Ninth Circuit's opinion on other grounds and remanded the case for further consideration in light of Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.'" 623 F.3d at 756 (quoting In re School Asbestos Litigation, 842 F.2d 671, 680 (3d Cir. 1988)).

Because the issuance of a Rule 23(d) protective order addressing coercive behavior by a defendant in a class action requires a clear record and specific findings, this Court cannot grant the relief that Plaintiffs seek. The record regarding the alleged incidents that prompted the instant Motion is not clear, and there is no indication of whether Plaintiffs and the class members who were involved in these incidents exhausted their administrative remedies. For example, to make specific findings that Plaintiff Kane's sixty-day placement in segregation for loosening the screws on his light fixture was in retaliation for "successfully resist[ing] the prison's efforts to throw his civil rights case out of court," [Mem. in Supp. of Motion at 13,] this Court would likely have to weigh the conflicting evidence, make credibility findings, and determine whether the discipline was warranted. Ordering relief addressing such incidents would allow Plaintiffs and the Class members[4] to circumvent Saguaro's

---

[4] The classes and subclasses certified in this case are defined in this Court's September 30, 2014 Order Granting in Part and Denying in Part Plaintiffs' Amended Second Motion for Class Certification. Dkt. no. 644, *also available at* 2014 WL 4956454.
(continued...)

8

internal grievance procedures.  Further, to the extent that Plaintiffs allege that they and other Class members have been harassed, intimated, and retaliated against on the basis of their religious beliefs and practices or for their participation in this litigation, Plaintiffs are alleging new constitutional and/or statutory violations that are not encompassed within the claims in the current complaint.[5]  See Second Amended Complaint for Damages and for Classwide Declaratory and Injunctive Relief ("Second Amended Complaint"), filed 8/22/12 (dkt. no. 145).

This Court concludes that it cannot issue a Rule 23(d) protective order to address incidents that Plaintiffs and the Class members must raise as new claims in a separate action, after they have exhausted their administrative remedies.

The only other bases for the requested protective order are Plaintiffs' arguments that: a protective order is necessary

---

[4](...continued)
In the instant Order, the term "Class" refers collectively to all of the certified classes and subclasses.

[5] Plaintiffs allege that Saguaro's failure to secure Plaintiff Kane's presence for a scheduled legal call in April 2014 and for the rescheduled call later that month was "part of a pattern and practice that Defendants have been engaging in since this court gave Plaintiffs' leave to add class action allegations to the complaint."  [Mem. in Supp. of Motion at 5.]  If Plaintiffs' counsel continue to be unable to reach their clients, even when complying with DPS procedures, it arguably may affect their ability to prepare for trial.  If this problem persists, Plaintiffs' counsel may request a discovery conference with the magistrate judge and, if necessary, file a motion for sanctions.

to ensure the fair and orderly litigation of this action; and a protective order is appropriate in light of the relationship between Plaintiffs and the Class members and Defendants.  The Court is not persuaded that either argument warrants the broad protective order that Plaintiffs request.  If this Court issued the requested protective order, Plaintiffs and the Class members could conceivably argue that any action by Saguaro staff violated the protective order because it was retaliatory, an attempt to discourage participation in this litigation, or an attempt to discourage the practice of the Native Hawaiian religion.  Plaintiffs cannot use this lawsuit to obtain preferential treatment at Saguaro or to insulate themselves from the facility requirements that apply to all inmates.  This Court therefore concludes that Plaintiffs have not established that a Rule 23(d) protective order is necessary in this case.

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' Second Motion for a Protective Order Prohibiting Retaliation Against

//
//
//
//
//
//

Plaintiffs and Class Members and Intimidation of Witnesses, filed November 12, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 24, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD KAPELA DAVIS, ET AL. VS. NEIL ABERCROMBIE, ET AL.; CIVIL 11-00144 LEK-BMK; ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A PROTECTIVE ORDER PROHIBITING RETALIATION AGAINST PLAINTIFFS AND CLASS MEMBERS AND INTIMIDATION OF WITNESSES**